UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Case No. 12-52291

THERESA L. CASSINI,                                       Chapter 13

            Debtor.                                Judge Thomas J. Tucker
_____/

**ORDER DISAPPROVING DEBTOR'S PROPOSED
POST-CONFIRMATION PLAN MODIFICATION**

On March 11, 2020, the Debtor in this Chapter 13 case filed a proposed plan modification, in a document entitled "Chapter 13 Post-Confirmation Plan Modification" (Docket # 203, the "Plan Modification"). On April 6, 2020, the Debtor filed a Certification of Non-Response, indicating that no one had timely objected to the Plan Modification (Docket # 208). On April 16, 2020, the Court entered an Order requiring the Debtor to file a supplement to the Plan Modification (Docket # 209), and the Debtor filed the required supplement on April 17, 2020 (Docket # 210, the "Supplement"). The Court has reviewed the Debtor's Supplement.

The Court concludes that it cannot approve the Plan Modification, because in paragraph 2, the Plan Modification proposes "[t]o allow [the Chapter 13 T]rustee to apply [the funds] on hand in the amount of $628.60 for the benefit of creditors."

In her Supplement, the Debtor states that of the $628.60 that the Trustee has on hand, $364.65 was on hand as of January 29, 2019, and the remaining $263.95 was received by the Trustee on February 18, 2019. The Court notes that during the March 12, 2020 hearing held in this case on the Trustee's motion to dismiss, counsel for the Chapter 13 Trustee also stated that the $263.95 payment was received on February 18, 2019. Counsel for the Debtor and counsel for the Trustee have referred to the February 18, 2019 payment as having been made "post-

expiration," because, as they both agreed during the March 12, 2020 hearing, and as the Debtor's Supplement indicates, the Debtor's 60-month confirmed Plan expired on January 29, 2019.

The Court concludes that approval of this Plan Modification is impermissible, because the Plan as modified would exceed the five-year limit in 11 U.S.C. § 1329(c). For this reason, the Court cannot approve the Plan Modification. *See, e.g., In re Talison*, 597 B.R. 87, 88-89 (Bankr. E.D. Mich. 2019); *In re Powell*, 583 B.R. 695, 696 (Bankr. E.D. Mich. 2018); *In re Jacobs*, 263 B.R. 39, 49-50 (Bankr. N.D.N.Y. 2001); *In re DeBerry*, 183 B.R. 716, 717-18 (Bankr. M.D.N.C. 1995); *In re Cutillo*, 181 B.R. 13, 16 (Bankr. N.D.N.Y. 1995); *but see Touroo v. Terry* (*In re Touroo*), No. 18-13365, 2019 WL 2590751 (E.D. Mich. June 25, 2019).[1]

Section 1329(c) provides:

> (c) A plan modified under this section may not provide for payments over a period that expires after the applicable commitment period under section 1325(b)(1)(B) after the time that the first payment under the original confirmed plan was due, unless the court, for cause, approves a longer period, **but the court may not approve a period that expires after five years after such time.**

11 U.S.C. § 1329(c) (emphasis added).

The Plan Modification would modify the Debtor's confirmed Chapter 13 Plan by, among other things, requiring the Trustee to apply and disburse $263.95 in funds paid by the Debtor to the Trustee after the 60-month expiration of the confirmed Plan, in violation of 11 U.S.C.

---

[1] Although the decision of the United States District Court in the *Touroo* case is from this judicial district, that decision is not binding on this Court, as a matter of *stare decisis*. *See First of America Bank v. Gaylor* (*In re Gaylor*), 123 B.R. 236, 241–243 (Bankr. E.D. Mich. 1991); *see also In re James*, 489 B.R. 731, 745 (Bankr. E.D. Tenn. 2013); *In re Romano*, 350 B.R. 276, 277-81 (Bankr. E.D. La. 2005); *cf. In re Ulrich*, 517 B.R. 77, 87 (Bankr. E.D. Mich. 2014).. This Court respectfully disagrees with the *Touroo* case, and declines to follow it.

§ 1329(c). The Debtor's 60-month Plan was confirmed on January 29, 2014 (Docket ## 106, 111). The Court calculates that the date on which the first post-confirmation plan payment became due was February 15, 2014 at the latest,[2] so the date that was five years after that date was February 15, 2019 at the latest. The proposed Plan Modification cannot be approved, because under § 1329(c), the Court cannot approve any plan modification in this case that provides for any payment by the Debtor after February 15, 2019, at the latest. But the Debtor's Plan Modification, in effect, provides for a plan payment in the amount of $263.95 on February 18, 2019.

For these reasons, the Court must disapprove the Plan Modification.

Accordingly,

IT IS ORDERED that the Plan Modification (Docket # 203) is disapproved.

IT IS FURTHER ORDERED that this Order is without prejudice to the Debtor's right to seek approval of a plan modification that does not include the impermissible provision described by this Order, or the Debtor's right to seek any other appropriate relief that is not inconsistent with this Order.

**Signed on April 17, 2020**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker
United States Bankruptcy Judge**

---

[2] The Court calculates this date as follows. The bankruptcy petition date, which also was the date of the order for relief, was May 16, 2012. Under 11 U.S.C. § 1326(a)(1)(A), no later than 30 days after that date, the Debtor was required to begin making the monthly payments proposed by her Chapter 13 Plan (Docket # 23). That 30-day deadline was June 15, 2012. So the Debtor's monthly plan payments were due no later than the 15th of each month. The Debtor's confirmed Plan also provided for monthly payments. So the first post-confirmation monthly plan payment would have been due no later than February 15, 2014.